# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Donald R. Askew, | Case No. 20-cv-2210 (SRN/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jennifer J. McLaughlin, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Donald R. Askew's Complaint, [Docket No. 1], as well as, his Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff did not pay this action's filing fee; instead, he seeks permission to proceed in forma pauperis ("IFP"). Plaintiff's IFP Application must be considered before this matter may proceed.[1]

Upon review of Plaintiff's IFP Application, [Docket No. 2], the Court finds that Plaintiff qualifies financially for IFP status. However, even where an IFP application qualifies financially for IFP status, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted or where the Court lacks the requisite subject matter jurisdiction necessary to adjudicate the claims raised. See, 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); Fed. R. Civ. P. 12(h)(3).

Federal Courts have limited jurisdiction and may only hear matters which fall within the jurisdiction of the Federal Courts. Marine Equipment Management Co. v. United States, 4 F.3d 643,

---

[1] Plaintiff's IFP Application, [Docket No. 2], as well as, his Complaint, [Docket No. 1], are both on Court templates from the Minnesota state court. Indeed, each of Plaintiff's filings appears to have been intended for the Minnesota State Court.

646 (8th Cir. 1993) ("Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Gonzalez v. Thaler, 132 S.Ct. 641, 649 (2012).

There are two types of federal subject matter jurisdiction which are colloquially referred to as federal question jurisdiction and diversity jurisdiction. See, 28 U.S.C. §§ 1331, 1332(a); Mitchell v. Media Com., 511 F. App'x 595 (8th Cir. 2013). Federal question jurisdiction exists for any case or controversy arising under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a court to have diversity jurisdiction over a dispute based upon 28 U.S.C. § 1332, each plaintiff must be diverse from, or have a different citizenship than, each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978), and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332.

It is a tenet of our Federal Court system that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991) (emphasis added). Subject matter can never be waived or forfeited, and it can be addressed at any time. See, Gonzalez, 132 S.Ct. at 649. It is the plaintiff who has the affirmative obligation to plead the basis for the Court's subject-matter jurisdiction. See, Fed. R. Civ. P. 8(a)(1).

On the face of the present Complaint, the only potential hint to federal jurisdiction is Plaintiff's indication that he would like $70,000 for his injuries. This is slightly less than the $75,0000 threshold; however, even if it was $75,000, the monetary demand alone is not enough for diversity jurisdiction to exist.

To qualify for diversity jurisdiction the amount in controversy must exceed $75,000, and the parties must be diverse from one another. However, based on the information Plaintiff provided in his Complaint, he and Defendant are both citizens of Minnesota. Thus, subject matter jurisdiction does not exist in the present case based on diversity jurisdiction.

Additionally, there is no apparent federal question jurisdiction because Plaintiff fails to raise any claim arising under the Constitution, laws, or treaties of the United States. Instead, Plaintiff raises a single, state law negligence claim resulting from an automobile accident. Such cases are typically brought in state court and rely upon state law. See e.g., Petrashov. v. Alina Health Headquarters, 2016 WL 4257332 (D. Minn. 2016), Case No. 15-cv-3061 (WMW/SER) (adopting Report and Recommendation dismissing personal injury case for lack of federal question because personal injury is not inherently an issue of federal law). In fact, Plaintiff specifically references "Minnesota's tort threshold." (Compl., [Docket No. 1], at 2). Thus, subject matter jurisdiction does not exist in the present case based on federal question jurisdiction.

Plaintiff has failed to demonstrate that this Court has the requisite subject matter jurisdiction to adjudicate the present action. It is Plaintiff's obligation to do so.

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. This matter be **DISMISSED without prejudice** based on a lack of subject matter jurisdiction; and

2. Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **DENIED**.

Dated: December 2, 2020          s/Leo I. Brisbois
                                 Hon. Leo I. Brisbois
                                 United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).